# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| WILTON EUGENE JENKINS | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:09cv150HSO-JMR |
| | § | |
| | § | |
| ROBOTEC, INC., et al. | § | DEFENDANTS |

## ORDER AND REASONS OVERRULING PLAINTIFF'S MOTION TO SET ASIDE OR MODIFY MAGISTRATE JUDGE'S ORDERS GRANTING DEFENDANTS' MOTIONS TO COMPEL DISCOVERY AND EMERGENCY MOTION TO STAY ORDERS TO COMPEL PENDING APPEAL

BEFORE THE COURT is the Motion [252] of Plaintiff Wilton Eugene Jenkins to Set Aside or Modify Magistrate Judge's Orders Granting Defendants' Motions To Compel Discovery and Emergency Motion to Stay Orders to Compel Pending Appeal. Defendants Robotec, Inc., and Robotec USA (collectively "Robotec") filed a Response [258]. Plaintiff did not file a Reply. After thorough review and consideration of the parties' submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the objections raised in Plaintiff's Motion should be overruled.

## I. DISCUSSION

Plaintiff seeks review of the November 20, 2009, Order [245] of Chief United States Magistrate Judge John M. Roper compelling Plaintiff to respond to discovery propounded to him by Robotec in May 2009. Plaintiff further asks the Court to stay the Magistrate Judge's Order pending his appeal.

The applicable standard of review under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) prescribes that a magistrate judge's nondispositive pretrial orders shall not be disturbed unless found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a). The Uniform Local Rules of this Court likewise provide that,

> (B) No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine shall be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law.

L.U. CIV. R. 72(a)(1)(B).

The "clearly erroneous" standard has been described as extremely deferential, and "a district court cannot disturb a factual finding of a magistrate judge 'unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" *West v. Drury Co.*, No. 2:07cv215, 2009 WL 1586898, at *1 (N.D. Miss. June 3, 2009) (*quoting Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994)); *see also Barnett v. Tree House Café, Inc.*, No. 5:05cv195, 2006 WL 3083757, at * 2 (S.D. Miss. Oct. 27, 2006). Under Rule 72(a), a district court will find an abuse of discretion "where the court relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *Barnett*, 2006 WL 3083757, at * 2 (*citing Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995)). For a plaintiff to prevail, "she must show, not that the magistrate judge could have exercised his discretion and ruled in her favor, but rather that she is entitled to a ruling in her favor as a matter of law." *Barnett*, 2006

WL 3083757, at *3.

Plaintiff first argues that the time limits imposed by the Magistrate Judge are "unreasonable in light of the holiday and the extensive work which will be required to comply." Pl.'s Mot. at p. 2. He also contends that the Magistrate Judge erred as a matter of law in compelling him to respond to certain Interrogatories. *See id.* at p. 5-20. These Interrogatories ask Plaintiff to (1) itemize his claimed damages; (2) state the nature, extent and duration of any injuries, resulting medical treatment and providers, and corresponding expenses he alleges were caused by the accident at issue in this lawsuit; (3) identify persons with discoverable knowledge of his claims; (4) identify witnesses that may be called at trial; (5) disclose any amount received in his workers' compensation claim; (6) identify whether he has ever pleaded guilty to or been convicted of a felony or misdemeanor; and (6) state the good faith factual bases for the allegations of his complaint. Plaintiff also objects to production of documents, photographs, diagrams, models or other tangible items pertaining to various allegations in his Complaint, including his claim for punitive damages. *See id.* at p. 20-23.

The Court has carefully reviewed the pleadings, the record in this case, the Magistrate Judge's Order, and the relevant law, and cannot conclude that the Magistrate Judge's ruling was clearly erroneous or contrary to law. Unless a review of the parties' submissions leaves this Court with a "definite and firm conviction that a mistake has been committed," the Court will not disturb the Magistrate Judge's findings. Because the Court is of the opinion that Plaintiff has not met his burden

under § 636(b)(1)(A), Rule 72(a), and the Local Rules, the Court will deny Plaintiff's Motion to set aside or modify the Magistrate Judge's Order.

The Court will also deny Plaintiff's Motion to the extent it seeks a stay of this case pending appeal. Uniform Local Rule 72(a)(2) states, in part, that:

> A magistrate judge's ruling or order is the court's ruling and will remain in effect unless and until reversed, vacated, modified, or stayed. The filing of a motion for reconsideration does not stay the magistrate judge's ruling or order, and no such stay occurs unless ordered by the magistrate judge or a district judge. A stay application must first be presented to the magistrate judge who issued the ruling or order. If the magistrate judge denies the stay, the applicant may request in writing a stay from the district judge to whom the case is assigned.

L.U. CIV. R. 72(a)(1)(B).

Moreover, when considering a motion to stay, a court must consider the following:

> (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreperable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest.

*International Fire and Safety, Inc. v. H.C. Services, Inc.*, No. 2:06cv63, 2007 WL 3231654, at * 1 (S.D. Miss. Oct. 30, 2007) (*quoting O'Bryan v. McKaskle*, 729 F.2d 991, 993 (5th Cir. 1984)).

Although "the movant need not always show a probability of success on the merits, he must present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities, [i.e. the other three factors] *weighs heavily in the favor of granting the stay*." *Id.* (emphasis in original) (*quoting O'Bryan*, 729 F.2d at 993). The burden is on the movant to demonstrate that

a stay is warranted. *See id.*

Plaintiff has filed a Motion [250] to Stay before the Magistrate Judge. That Motion remains pending. In light of the Court's ruling on Plaintiff's Motion to Set Aside the Magistrate Judge's Order, the Court finds the Motion [250] to Stay before the Magistrate Judge is now moot. The Court is further of the opinion that Plaintiff has not met his burden, and for this reason as well a stay will be denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the objections raised in the Motion [242] of Plaintiff Wilton Eugene Jenkins to Set Aside or Modify Magistrate Judge's Orders Granting Defendants' Motions To Compel Discovery and Emergency Motion to Stay Orders to Compel Pending Appeal, should be and hereby are in all respects **OVERRULED**, and the Magistrate Judge's Order [245] should be and hereby is **AFFIRMED**. Plaintiff shall comply with the Magistrate Judge's orders.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, to the extent the Motion [250] of Plaintiff Wilton Eugene Jenkins seeks a stay of this case pending appeal to this Court or any other relief, it is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 29th day of December, 2009.

*s/ Halil Suleyman Ozerde*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE